IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANTIGO SANDERS, *on behalf of himself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY ALAIMO; ANTHONY ALAIMO, INC.; VALOR HOMES 521 LLC; and VALOR PLUMBING LLC; <br><br> Defendants. | CIVIL ACTION NO. <br><br> 3:14-cv-163-TCB <br> _____ |

## COLLECTIVE ACTION COMPLAINT

Named Plaintiff Santigo Sanders, on behalf of himself and others similarly situated, brings this complaint for damages and other relief against Defendants and states and alleges as follows:

## INTRODUCTION

1. This is a collective action for unpaid overtime wages pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## PARTIES

2. Named Plaintiff is a resident of Clayton County, Georgia.

3. Named Plaintiff has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

1

4. Others similarly situated are employees of Defendants who were paid an hourly wage in exchange for performing plumbing, maintenance, repair, and other manual work for Defendants.

5. Defendant Anthony Alaimo, Inc. is a domestic Georgia corporation whose principal office is located at 116 Tyrone-Palmetto Road, Suite I, Tyrone, Georgia 30290.

6. Defendant Valor Homes 521 LLC is a domestic Georgia corporation whose principal office is located at 116 Tyrone-Palmetto Road, Suite I, Tyrone, Georgia 30290.

7. Defendant Valor Plumbing LLC is a domestic Georgia corporation whose principal office is located at 116 Tyrone-Palmetto Road, Suite I, Tyrone, Georgia 30290.

**JURISDICTION AND VENUE**

8. The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331.

9. Under 28 U.S.C. § 1391 and Local Rule 3.1, venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiffs' claims, as described in this complaint, occurred within this Division and District.

10. In the three years prior to the filing of this complaint, Defendants Anthony Alaimo, Inc.; Valor Homes 521 LLC; and Valor Plumbing LLC ("Corporate Defendants") have been and continue to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

11. In the three years prior to the filing of this complaint, Corporate Defendants have been and continue to be "employers" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

12. Between 2011 and the present day, Corporate Defendants have employed one or more individuals who have handled materials that have traveled in interstate commerce.

13. For example, Corporate Defendants employed Named Plaintiff, who utilized tools in performing his work for Defendants that were manufactured outside the state of Georgia.

14. Corporate Defendants had an annual gross volume of sales made or business done in excess of $500,000 in 2011.

15. Corporate Defendants had an annual gross volume of sales made or business done in excess of $500,000 in 2012.

16. Corporate Defendants had an annual gross volume of sales made or business done in excess of $500,000 in 2013.

17. Corporate Defendants' annual gross volume of sales made or business done in 2014 will exceed $500,000.

18. Defendants employed Named Plaintiff and others similarly situated, who were engaged in interstate commerce and/or in the production of goods for commerce.

## COUNT I: FAILURE TO PAY OVERTIME

19. During the previous three years, Defendant Alaimo has been and continues to be an officer and owner of Corporate Defendants.

20. During the previous three years, Defendant Alaimo had operational control of Corporate Defendants.

21. For example, Defendant Alaimo would give Named Plaintiff and others similarly situated work assignments.

22. By way of further example, Defendant Alaimo made hiring and firing decisions on behalf of Corporate Defendants.

23. Defendant Alaimo determined the wage and hour policies of Corporate Defendants.

24. Defendant Alaimo determined the compensation and payroll of Named Plaintiff and others similarly situated.

25. Defendant Alaimo was a joint employer of Named Plaintiff and others similarly situated pursuant to the FLSA.

26. Named Plaintiff and others similarly situated were paid an hourly wage for their work.

27. Named Plaintiff and others similarly situated worked full-time schedules for Defendants.

28. Named Plaintiff and others similarly situated routinely worked in excess of 40 hours per week for Defendants.

29. Defendants regularly suffered and permitted Named Plaintiff and others similarly situated to perform work for which they received no compensation at all.

30. Named Plaintiff and others similarly situated often were unable to take a bona fide lunch break during the course of their workdays.

31. For improper reasons, Defendants regularly refused to pay Named Plaintiff and others similarly situated for time that they worked.

32. For example, Defendants deducted time from payroll for hours when an employee's phone failed to register his location by GPS, even if it was clear that was working.

33. Defendants also recouped overtime wages from their employees by taking deductions from non-discretionary bonuses owed to Plaintiffs.

34. Defendants charged illegal kickbacks to Plaintiffs for items such as employer-provided cell phones.

35. Defendants lacked reasonable grounds for believing their pay practices complied with the requirements of the FLSA.

36. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

37. Named Plaintiff and others similarly situated seek damages in the amount of their unpaid overtime wages, liquidated damages, and such other legal and equitable relief as the Court deems proper.

38. Named Plaintiff and others similarly situated also seek the recovery of their attorney's fees and costs as provided by the FLSA.

## PRAYER FOR RELIEF

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Named Plaintiff and others similarly situated respectfully pray that:

a. The Court certify this case as a collective action under the FLSA;

b. The Court enter judgment in favor of Named Plaintiff and others similarly situated;

c. The Court enter judgment against Defendants that their violations of the FLSA were willful;

d. The Court grant declaratory judgment that Defendants' action, as alleged, constituted a violation of the FLSA;

e. The Court award Named Plaintiff and others similarly situated all unpaid wages, as provided for by the FLSA;

f. The Court award Named Plaintiff and others similarly situated liquidated damages equal to the amount of their unpaid wages, as provided for by the FLSA;

g. The Court award Named Plaintiff and others similarly situated reasonable costs and attorney's fees, as provided for by the FLSA; and

h. The Court grant Named Plaintiff and others similarly situated such other relief as the Court deems just and proper.

Dated:  October 20, 2014

Respectfully submitted,

**MAYS & KERR LLC**
235 Peachtree Street NE
North Tower | Suite 202
Atlanta, GA 30303
Telephone:  (404) 410-7998
Facsimile:   (404) 855-4066
Attorney for Plaintiffs

/s/ Jeff Kerr
Jeff Kerr
Ga. Bar No. 634260
jeff@maysandkerr.com