IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANTIGO SANDERS, on behalf of Himself and others similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY ALAIMO, ANTHONY ALAIMO, INC; VALOR HOMES 521 LLC and VALOR PLUMBING LLC,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>3:14-cv-163-TCB |

### DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Anthony Alaimo ("Alaimo"), Anthony Alaimo, Inc. ("AAI"), Valor Homes 521 LLC ("VH") and Valor Plumbing LLC ("VP") (collectively, "Defendants"), by and through their undersigned counsel, hereby file and serve their Brief in Support of their Motion for Summary Judgment.

### PROCEDURAL STATUS OF THE CASE

This action was filed on or about October 23, 2014 (Doc. 2-1). At the time,

Plaintiff was represented by Attorney Thomas Jefferson Kerr of the firm of Kerr and May. After several extensions of time for Defendants to plead in response to the Complaint, Defendants Answered on January 20, 2015 (Doc. 15) denying all liability and denying that there was a basis for a collective action on behalf of Defendants' employees.

Counsel for the parties met for an Early Planning Conference on or about February 5, 2015 but did not complete their discussions; counsel agreed to extend the time for submitting the Joint Planning Report ("JPR"), Initial Disclosures and the commencement of the discovery period. By a consent motion (Doc. 22) counsel for the parties extended the time for filing the JPR and initial disclosures to May 20, 2015.

On May 11, 2015, Plaintiff's counsel filed a Motion to Withdraw in this case (Doc. 24) which showed that Plaintiff had been given notice of counsel's intent to withdraw on April 24, 2015 and the time had elapsed without Plaintiff having made any objection thereto. By Order dated May 22, 2015 (Doc. 27) the Court granted Attorney Kerr's Motion to Withdraw and gave notice to Plaintiff of his duties as a *pro se* litigant. (Doc. 28.)

Following Plaintiff's counsel's announced intent to withdraw, Plaintiff has, to date, made no contact with Defendants' counsel. Per the Court's Local Rule 16.2, having no contact with plaintiff (whose duty it was to take the lead in

preparing a JPR) Defendants' filed and served their own Defendants' Planning Report ("DPR") on the due date of May 20, 2015. (Doc. 26.) That same day, as also required by prior order, Defendants filed and served their Initial Disclosures. (Doc. 25.)

More than a month after Plaintiff's counsel gave him notice of intent to withdraw and after due dates in this action came and went, Plaintiff has not filed or served any papers, has not given the Court notice of an email account that he uses, has not registered in any way to receive electronic service, and has not submitted a Planning Report nor made Initial Disclosures.

## STATEMENT OF MATERIAL FACTS

Defendants have served and filed with the accompanying Motion and this Brief their Statement of Material Facts as to which There is No Genuine Issue to be Tried ("SOMF"). Defendants incorporate the factual assertions in that SOMF by reference into this Brief. The SOMF shows that despite the unsupported allegations of the Complaint, Plaintiff has thus far introduced no evidence into the record to support his claims and Defendants have presented evidence as to all contentions of the Plaintiff sufficient to rebut all claims.

As the SOMF and evidentiary materials establish, only Defendant Anthony Alaimo, Inc. ("AAI") employed plaintiff. Defendant AAI set up a system to track and record the work hours of employees, including Plaintiff Sanders, who worked

"in the field" performing plumbing services on residential properties owned by companies related to the company that employed him. AAI used modern technology to track and record work hours of Sanders and others: hours were reported by a cellular-phone-based clock-in/clock out system and cross checked by GPS.

In addition to these highly accurate methods, AAI provided employees, including Sanders, with a summary of the hours recorded by the company and an opportunity to seek corrections to those hours if the employee felt they were under-inclusive. Sanders in fact on several occasions sought "time card corrections," was usually granted those, and routinely signed off on the payments made to him for such time card corrections, acknowledging that they were correct.

During the length of his employment Sanders did not contend that he was regularly not being paid overtime, nor did he contend his compensation payments had been reduced by any improper charges, nor did he assert that he was required to work any hours that were not recorded.

Anthony Alaimo ("Alaimo"), the principal in AAI and an individual defendant in this case, reviewed Sanders' employment and compensation records following the filing of the instant action and concluded that Sanders had always been paid amounts equal to or greater than his total earnings.

Sanders stopped working in September, 2014 after an alleged accident that

left him with a physical disability. Shortly after that, on October 6, 2014, Sanders called Alaimo and stated that he was going to sue for overtime payments. Alaimo told Sanders that they both knew no such amounts were due and owing. Sanders acknowledged this on the phone and told Alaimo his purpose in filing suit was to force Alaimo to incur legal fees. Shortly thereafter this action was filed.

## ARGUMENT

**I. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR OVERTIME PAY AGAINST DEFENDANT AAI, HIS SOLE EMPLOYER; THE OTHER THREE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS PARTIES WHO DID NOT EMPLOY SANDERS.**

Defendants, through the Affidavit of Anthony Alaimo, have established that Sanders' sole employer was AAI. None of the three other defendants in this action have any employees whatsoever. Sanders has no basis to assert a right to compensation from the three non-employers to whom he provided no services.

Sanders did not made initial disclosures in this case when they were due. As a result, no witnesses for the Plaintiff have been identified, no documents have been disclosed or described from which facts supporting his claims might be gleaned and no damages have been set forth by him, nor any basis for them. The result is that there is no evidence to support his claims or to be examined in the face of a motion for summary judgment.

Defendant AAI, through Mr. Alaimo, has shown that not only was that

company one that did not fail to pay overtime to Sanders and others on some regular basis, but that rather the company maintained a sophisticated system of tracking and verifying the work hours of remote employees.  Mr. Alaimo's affidavit shows that AAI's system incorporated self-reporting by employees of work hours by way of cellular-phone technology, plus a GPS system was used for each employee to provide a cross check.  Further, employee hours were recapped for employees on a per-pay-period basis.  Employees were permitted, without repercussions, to challenge the accuracy of the hours tabulated by AAI, and Sanders in fact did so on several occasions.  Further, the undisputed evidence is that AAI as Sanders' employer agreed with the vast majority of Sanders' requested time card corrections, including following a practice of resolving doubts in favor of the employee.

AAI has presented a summary (Exhibit "B" to the Motion) which documents numerous time card corrections sought by Sanders and allowed by AAI.  Thereafter, as Alaimo has testified, Sanders was paid the amounts indicated by the time card corrections along with additional discretionary bonuses.  AAI even went to the extraordinary length of increasing the bonus amounts to 150% of the bonus deemed warranted to assure that there could be no issue of overtime pay liability associated with the bonuses.   For such reasons, when Alaimo reviewed the compensation history of Sanders he determined that over the course of time

Sanders had actually been paid thousands of dollars more than he had earned.

In contrast to Defendants' detailed evidence, Sanders has only generalized allegations of the Complaint without any supporting evidence. His allegations imply that his employer followed practices that regularly resulted in overtime hours being worked with either no compensation or insufficient compensation (i.e., not paid at the time-and-a-half rate). Yet Sanders has not shown a single fact that would establish any practice by Defendants that failed to compensate him for all that he had earned.

The purpose of the summary judgment procedure is to dispose of cases where there is no genuine issue of fact, even though an issue may be raised formally by the pleadings. *Battista v. Horton, Myers & Raymond,* 128 F.2d 29 (D.C. Cir. 1942). „See, also, Koepke v. Fontecchio,* 177 F.2d 125 (9th Cir. 1949); *Miller v. Miller*, 1941, 122 F.2d 209 (D.C. Cir. 1941); *Fletcher v. Krise*, 120 F.2d 809 (D.C. Cir.), *cert. den'd*, 314 U.S. 608 (1941); *Ortiz v. National Liberty Ins. Co. of America*, 75 F.Supp. 550 (D. P.R. 1948); *Michigan Millers Mut. Fire Ins. Co. v. Canadian Northern Ry.*, 58 F.Supp. 326 (D. Minn. 1942), *aff'd*, 152 F.2d 292 (8th Cir. 1945). The summary judgment procedure allows the court to isolate and dispose of factually unsupported claims or defenses. *Snowden By and Through Victor v. Connaught Laboratories, Inc.,* 793 F.Supp. 1040 (D. Kan. 1992). The procedure therefore calls for the party with the burden of proof at trial

– here, the plaintiff – to come forward with evidence that may establish the essential elements of his claims. Plaintiff has come forward with nothing and has not even participated in the case as far as joining with Defendants in a planning report or making initial disclosures. It is plaintiff's burden to come forward with competent evidence to rebut the showing now made by Defendants.

There is nothing in the record that the Court can point to which establishes a single instance of Plaintiff, or any other employee, performing work for which overtime pay was due and not receiving it. No dates or durations are set forth by Plaintiff. No damages calculations are provided. No descriptions of any practices of the Defendants are presented that would even colorably suggest that Defendants did not regularly and routinely follow the understood requirements of the FLSA. With this record, Plaintiff has failed to establish any element of its claims that overtime is owed.

While Plaintiff lacks evidence as to any violations of his own compensation rights under the FLSA, there is also no evidence as to such violations in relation to any other employee of Defendants who might constitute others "similarly situated." Defendant Alaimo has testified that three of the four defendants do not even have employees. Plaintiff has not set forth any grounds or basis why three defendants would have liability for the employment practices of the fourth defendant and, if that were to be done, Plaintiff would have the burden of coming

forward with evidence at this stage to establish a factual predicate for the Court possibly so finding. Plaintiff has failed to do so.

Defendants have set forth facts that establish proper practices regarding the payment of overtime. With no contrary evidence, they are entitled to summary judgment on Plaintiff's claim for overtime, both on his own behalf and on behalf of others.

**II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S ASSERTION THAT THEY COMMITTED "WILLFUL" VIOLATIONS OF THE FLSA, WHERE NO EVIDENCE OF ANY VIOLATIONS EXISTS AND THE STANDARD FOR FINDING "WILLFULNESS" CANNOT BE MET.**

In the absence of evidence of any violations of the FLSA, the facts of this case cannot support any finding of a willful violation. The U.S. Supreme Court has established a standard for willful violations: In addition to showing the violation itself, the plaintiff must also establish that the employer committing the violation either knew its conduct was prohibited by the federal law or showed a "reckless disregard" for whether its conduct did so. *Trans World Airlines, Inc. v. Thurston*, 496 U.S. 111 (1985) (ADEA case). Here, Mr. Alaimo has testified in detail that his company understood the obligation to pay overtime rates for all hours in excess of 40 in a given work week and went even further to establish payment practices to increase amounts of discretionary bonus payments by an additional 50% to assure that there was no failure to pay overtime, even as to

compensation that was both discretionary and not based on hourly records.

As Alaimo has further testified, a Wage & Hour Division Compliance Review was recently conducted, initiated by a notice letter sent to AAI only days after Sanders' lawsuit was filed. (Exhibit "D" to the accompanying Motion). Alaimo's testimony establishes complete cooperation with the investigator and, as a result, no violations of any sort were found and no liability was established. Given the timing of the Review and the scope of the documents requested and reviewed by the investigator, the allegations of Sanders relate to a time-frame that has been subjected to Wage & Hour Division scrutiny. While Sanders' Complaint alleges he and others "similarly situated" were not paid all overtime owed, the investigator found no such violation. As Alaimo has testified, overtime pay was a focal point of the investigation.

AAI came through the Review with a clean bill of health. For there to be willfulness, there must be an underlying violation, and then something more. Here just the opposite condition has been established where a federal investigator has determined that AAI's compensation practices and history are in compliance with the FLSA. There is no violation and no basis to find any willfulness, requiring that aspect of Plaintiff's Complaint be denied and dismissed as well.

### III. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES BECAUSE NO VIOLATIONS OF THE FLSA HAVE BEEN COMMITTED.

When a violation of § 206 or 207 of the FLSA occurs, the plaintiff employee is entitled also to a reasonable attorney's fee to be paid by the Defendant, under 29 U.S.C. § 216 (b). The record in this case does not establish any violation of the FLSA on which to premise an attorneys' fees award. Defendants are therefore entitled to summary judgment on the issue of attorneys' fees.

Further, as Mr. Alaimo's testimony establishes, the Plaintiff, Santigo Sanders, acknowledged in their phone conversation on October 6, 2014 that he had no valid claim for unpaid overtime compensation and was going to bring suit just to force his employer to incur legal fees. As the matter has turned out, although Sanders obtained counsel to file the action, after counsel for the parties met for an Early Planning Conference counsel for the Plaintiff thereafter withdrew without filing anything on behalf of the Plaintiff after the Complaint. Plaintiff has made no disclosures and has not responded in any way to the Court's Notice to Pro Se Party, sent to Sanders on May 22, 2015. That Notice contains instructions to the Plaintiff that as a *pro se* litigant he must, among other things:

1. Comply with the Federal Rules of Civil Procedure and Local Rules;
2. Provide the Court with a current mailing address, telephone numbers and email address (unless he has no email); and

3.  Comply with the Court's Scheduling Order and Court's Instructions.

Plaintiff has already missed important deadlines: No communication was made by Plaintiff, after his counsel moved to withdraw, to Defendant's counsel in order to complete a report of the Planning Conference and to submit a Joint Planning Report. Even more importantly, no initial disclosures have been made by Plaintiff. There is therefore no description of the facts Plaintiff relies on for his claims, the damages he contends were incurred, the witnesses whom he believes to have knowledge that would support the claims and the documents upon which his case would depend. It could be said that following the withdrawal of his counsel, Plaintiff has already simply disappeared from this case.

In summary, Plaintiff has done nothing to support the broad and general allegations of the Complaint while Defendants have carefully and in detail set forth evidence to show that they conscientiously pay all overtime amounts owed to employees and have had their compensation practices reviewed and approved. With no evidence to support his claims, and having apparently abandoned the case and declining to participate in further proceedings after withdrawal of his counsel, Plaintiff should have summary judgment entered against him as to all remedies sought from all parties defendant.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully pray that their Motion for Summary Judgment be GRANTED in favor of all Defendants as to all claims, remedies and requests for relief; that Plaintiff's case be DISMISSED WITH PREJUDICE; and that Defendants be afforded such other and further relief as the Court deems just and proper.

Respectfully submitted, this 29 day of May, 2015.

                                                **RICHELO LAW GROUP, LLC**

                                          By: /S/ Thomas Richelo
                                               Thomas Richelo, Esq.
                                               Ga. State Bar No. 604425
                                               Attorneys for Defendants

8230 Grogans Ferry Road
Atlanta, Georgia 303
Tel: (404) 983-1617
trichelo@richelolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2015, I electronically filed the following pleading with the Clerk of Court using the CM/ECF system:

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

And further, as to the *pro se* plaintiff, who has not registered to receive service from the Court using the CM/ECF system, I certify that the foregoing is being served by certified mail, return receipt requested, with adequate postage affixed thereto to assure delivery to the following:

Santigo Sanders
2085 Freeman Road
Jonesboro, GA 30236

/s/ Thomas Richelo
Thomas Richelo
Ga. Bar No. 604425
trichelo@richelolaw.com